UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK EDWARD KITTRELL LAURAY | ) | CIVIL NO. 3:14-CV-00838 (KAD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HANNAH, *et al*. | ) | |
| Defendants. | ) | FEBRUARY 8, 2019 |

**RULING RE:**
**THE PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 54]**

Kari A. Dooley, United States District Judge

On June 10, 2014, the Plaintiff initiated this 42 U.S.C. § 1983 action, in which he challenges the constitutionality of certain events that transpired after his transfer to Garner Correctional Institution ("Garner") on June 7, 2012. On January 16, 2019, the Court granted the Defendants' motion to dismiss this action for lack of subject matter jurisdiction, and the Plaintiff filed a timely motion for reconsideration on January 23, 2019. The Court assumes the parties' familiarity with the factual allegations in the operative complaint and the procedural history of this case. *See generally Lauray v. Hannah*, No. 3:14-cv-00838 (KAD), 2019 WL 235324 (D. Conn. Jan. 16, 2019) (slip opinion). For the reasons set forth below, the motion for reconsideration is DENIED.

**Legal Standard**

"The standard for granting a motion for reconsideration is strict." *Roman v. Leibert*, No. 3:16-cv-1988 (JCH), 2017 WL 4286302, at *1 (D. Conn. Sept. 27, 2017) (quoting *Ricciuti v. Gyzenis*, 832 F. Supp. 2d 147, 165 (D. Conn. 2011)); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. R. Civ. P. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The

primary function of a motion for reconsideration 'is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.'" *Alexander v. Gen. Ins. Co. of Am.*, No. 3:16-cv-00059 (SRU), 2017 WL 188134, at *2 (D. Conn. Jan. 17, 2017) (quoting *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

The Plaintiff's motion for reconsideration does not satisfy this stringent standard.

**New Evidence and Manifest Injustice**

The Plaintiff claims to have discovered new evidence in support of his claim — namely, video footage of his strip search — and that it would be manifestly unjust for this Court to dismiss his case without viewing this video footage.[1] Assuming without deciding that this video footage constitutes "newly discovered" evidence,[2] it does not change the outcome of this case.

---

[1] The Plaintiff also asserts that the Court should permit him to amend his complaint "as of right" after the Court's viewing of the video so that the complaint could be made to conform "to the evidence at trial." This argument is non-sensical given the procedural posture of this case.

[2] The Court first observes that the Plaintiff alleged in his Amended Complaint, which was originally filed on December 8, 2014, that he reviewed the video footage of his transfer to segregated housing and strip search after he was released from prison. The Court next observes that, although the Plaintiff's counsel may have only recently seen the video footage, at oral argument the parties represented that no discovery was conducted during the four and a half years this case was pending. This belies the Plaintiff's claim of due diligence in obtaining the video footage. Lastly, the Plaintiff was present during the events at issue, so the video footage does not disclose anything the Plaintiff did not already know.

2

The Court dismissed this action because the Plaintiff failed to establish that he had standing to assert a retaliation claim predicated on his ex-wife's rights under the First Amendment to the United States Constitution. The Court further concluded that this holding was fatal to the Plaintiff's case because the Amended Complaint did not state a plausible first party retaliation claim and the doctrines of abandonment and judicial estoppel precluded him from asserting any non-retaliation claims. The Plaintiff's new evidence does not call into question the accuracy or integrity of these holdings. The Plaintiff "alleges that he was strip searched in an egregious manner," but the manner in which the strip search was conducted has no bearing on the Court's holding that the Plaintiff lacks standing to assert a third-party retaliation claim. It is also immaterial to the Court's holding that the Plaintiff failed to state a first party retaliation claim. The Court's ruling in this regard was based not the Plaintiff's failure to allege that he was subjected to adverse action (as he alleged that he was placed in segregated housing and strip searched for retaliatory reasons), but on his failure to allege that he himself engaged in constitutionally protected activity that motivated the alleged adverse action.[3] Lastly, the Plaintiff does not take issue anywhere in his motion with this Court's decision that he was precluded from pursing non-retaliation claims.

Accordingly, even if the Court permitted the Plaintiff to amend his complaint to include a description of this video footage, as requested, his case would still be subject to dismissal for the reasons articulated in this Court's earlier ruling.

---

[3] In the motion for reconsideration, the Plaintiff suggests that his claim included an allegation that the strip search was in "retaliation for his own prior complaints of discriminatory conduct while incarcerated." As the Court explained at oral argument, however, the Plaintiff did not allege in the Amended Complaint that he filed grievances and complaints prior to his arrival at Garner, let alone that the strip search was conducted in retaliation for those prior grievances and complaints. The Plaintiff has failed to point the Court to any allegations that contradict its earlier assessment of this issue.

**The Eleventh Amendment**

The Plaintiff also asks this Court to permit him to amend his complaint to add additional prospective injunctive relief not barred by the Eleventh Amendment to the United States Constitution, asserting "[i]n other cases where the Eleventh Amendment would otherwise require the dismissal of allegations in a complaint because the plaintiff had not adequately plead the relief sought, the Court has allowed the plaintiff the opportunity to amend the complaint." It is difficult to see what bearing this argument has on the motion for reconsideration, as the Court did not dismiss his claims on Eleventh Amendment grounds. Regardless, this argument does not provide a basis for reversing the Court's earlier ruling.

**Conclusion**

For all of the foregoing reasons, the motion for reconsideration is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of February 2019.

                                        /s/ Kari A. Dooley
                                 KARI A. DOOLEY
                                 UNITED STATES DISTRICT JUDGE